UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

AVRIL RAMSEY,

                              Plaintiff,            07 Civ. 7190 (CM)

-against-                                  **CASE MANAGEMENT PLAN**

METRO-NORTH COMMUTER RAILROAD,

                              Defendant.
---------------------------------------------------------------X

| USDS SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #: _____ |
| DATE FILED: __10/12/07__ |

        After consultation with counsel for all parties, the following Case Management Plan is
adopted. This Plan is also a scheduling order pursuant to Rule 16 and Rule 26(f) of the Federal
Rules of Civil Procedure.

1.      The case is to be tried by a jury.

2.      Discovery pursuant to Fed.R.Civ.P. 26(a) shall be exchanged by __11/22/07__

3.      No additional parties may be joined after __11/15/07__

4.      No pleadings may be amended after _____12/28/07____

5.      If your case is brought pursuant to 42 U.S.C. §1983: In keeping with the United States
Supreme Court's observation that the issue of qualified immunity should be decided before
discovery is conducted, counsel representing any defendant who intends to claim qualified
immunity must comply with the special procedure set forth in Judge McMahon's individual
rules, which can be found at www.nysd.uscourts.gov

        Failure to proceed in accordance with the qualified immunity rules constitutes a waiver of
the right to move for judgment on the ground of qualified immunity prior to trial. *Please identify
any party who is moving to dismiss on qualified immunity grounds.*

6.      All discovery, *including expert discovery*, must be completed on or before
_____3/14/08_____. (For personal injury, civil rights, employment discrimination or
medical malpractice cases only.): Plaintiff's deposition shall be taken first, and shall be
completed by _____1/15/08_____. PLEASE NOTE: the phrase "all discovery, including
expert discovery" means that the parties must select and disclose their experts' identities and
opinions, as required by Fed.R.Civ.P.26(a)(2)(B), *well before* the expiration of the discovery
period. Expert disclosures conforming with Rule 26 must be made no later than the following
dates: Plaintiff(s) expert report(s) by _____1/31/08_____; Defendant(s) expert report(s) by
_____2/29/08_____.

7.      Judge McMahon's Rules governing electronic discovery apply automatically to this case.
The parties must comply with those rules unless they supersede it with a consent order. The text
of the order will be found at www.nysd.uscourts.gov

8.      This case has been designated to the Hon. United States Magistrate __Gorenstein__
for resolution of discovery disputes. Do not contact Judge McMahon about discovery disputes:
go directly to your assigned Magistrate Judge. Discovery disputes do not result in any extension
of the discovery deadline or trial-ready date, and Judge McMahon must approve any extension of
the discovery deadline in non-pro se cases. *The Magistrate Judge cannot change discovery
deadlines unless you agree to transfer the case to the Magistrate Judge for all purposes.* Judge
McMahon does not routinely grant extensions so counsel are warned that if they wait until the
last minute to bring discovery disputes to the attention of the Magistrate Judge, they may find
themselves precluded from taking discovery because they have run out of time.

9.      A joint pre-trial order in the form prescribed by Judge McMahon's individual rules,
together with all other pre-trial submissions required by those rules (not including *in limine*
motions), shall be submitted on or before ___4/1/08_____. Following submission of the
joint pre-trial order, counsel will be notified of the date of the final pre-trial conference. *In
limine* motions must be filed within five days of receiving notice of the final pre-trial conference;
responses to in limine motions are due five days after the motions are made. Cases may be called
for trial at any time following the final pre-trial conference.

10.     No motion for summary judgment may be served after the date the pre-trial order is due.
*The filing of a motion for summary judgment does not relieve the parties of the obligation to file
the pre-trial order and other pre-trial submissions on the assigned date.*

11.     The parties may at any time consent to have this case tried before the assigned Magistrate
Judge pursuant to 28 U.S.C. Section 636(c).

12.     This scheduling order may be altered or amended only on a showing of good cause that is
not foreseeable at the time this order is entered. *Counsel should not assume that extensions will
be granted as a matter of routine.*

**Dated:**
        New York, New York

Upon Consent of the Parties:
[signatures of all counsel]

Marc T. Wietzke
Law Offices of Michael Flynn, PC
1205 Franklin Avenue, Suite 250
Garden City, NY 11530
(516) 877-1234

José Rios by MTW w/ permission

SO ORDERED:

Hon. Colleen McMahon
**United States District Judge**